OPINION
This is an appeal from the Court of Common Pleas, Stark County.
 STATEMENT OF FACTS
Historically, Appellant was indicted on one count of Possession of L.S.D., a violation of R.C. § 2925.11(A).
It is not necessary to set forth additional facts of the arrest except for the statement appellant made to Sergeant Griffith of the Alliance Police Department, that he "doesn't mess with acid anymore because you get too much time in jail for that." (T. at 19)
A motion in limine was filed in an attempt to exclude this statement on the basis of R.C. § 2945.59 and Evidence Rules 404(B) and 403(A).
The decision by the trial court on such motion does not address such statement.
As admitted in appellant's brief, there may be an argument presented on the issue as to whether the appellant had knowledge of the nature or appearance of L.S.D. This may be the reason for the lack of objection to the opening statement (T. at 8) or to the testimony by the Detective as to the statement. (T. at 19). However, the term "knowingly possessed" as contained in the statute requires not only knowledge of the substance but knowingly possessing such substance.
The sole Assignment of Error is:
 I. APPELLANT WAS DEPRIVED OF HIS RIGHT TO A FAIR TRIAL AND DUE PROCESS GUARANTEED UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND UNDER ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION BY THE CUMULATIVE EFFECT OF THE TRIAL COURT'S ERRONEOUS ADMISSION OF PRIOR BAD ACTS EVIDENCE AGAINST APPELLANT, THE TRIAL COURT'S FAILURE TO RESTRICT THE USE OF SUCH EVIDENCE, THE TRIAL COURT'S FAILURE TO PROPERLY INSTRUCT THE JURY ON THE PERMISSIBLE USES OF SUCH EVIDENCE, AND THE TRIAL COURT'S FAILURE TO EFFECTIVELY RESTRAIN THE PROSECUTOR FROM REPEATEDLY ENGAGING IN IMPROPER CLOSING ARGUMENT REGARDING SUCH EVIDENCE.
 I.
The essential issues relating to the deprivation of a fair trial and due process under the United States Constitution and that of the State of Ohio are two fold, to wit:
 1. The conduct of the prosecutor relative to such statement.
2. The trial court's ruling as to such statement.
Nothing further appears by way of evidence or in the State's initial closing argument as to the statement.
In rebuttal, increasing emphasis on appellant's statement is placed by the State, often over objection and in direct contravention to the trial court's instructions.
The clear intent was to state to the jury that, because of admitted past usage, appellant was guilty of knowingly possessing the L.S.D. in question.
Examples of such argument by the prosecutor are:
* * *
 You heard that from [SIC] Sergeant Detective Griffith tell you that, you know, he doesn't do that anymore. He used to do LSD. Does he care whether he touches LSD? No. I submit to you that he still does LSD. . . . What greater evidence of consumption of LSD could you have that [SIC] the Defendant himself saying that he had consumed LSD.
 We don't know when, but he indicated to Sergeant Griffith that he had consumed it. . . . you also have someone with a history of LSD use.
(T. at 121-122).
* * *
 . . . Remember you have never seen this stuff before supposedly.
(T. at 123).
* * *
 If in fact you are an LSD user or trafficker, all you have to do is put it in a cellophane sandwich bag and some tin foil and put it underneath your seat; and you can transport it anywhere you want because it doesn't matter if you are a known LSD user because that's the way you could —
(T. at 124).
Defense counsel objected to the latter statements, which objection was sustained. (T. at 124).
Contrary to the trial court's ruling, Prosecutor Maragas immediately proceeded on:
* * *
Thank you. He himself told you he was a user.
(T. at 125).
An objection was again made. (T. at 123).
This was apparently inadvertently overruled by the trial court. (T. at 125).
The Prosecutor then continued:
* * *
 He himself told you that, that he was the LSD user.
 So are we saying now to you as a jury that all you have to do if you are an LSD user to avoid being caught with LSD is to place it under your seat even though you are the only person in the car, even though we know this fact that you have told us, even though it's all there right in your proximity, right there for your exclusive access?
(T. at 125).
Another objection was raised. (T. at 125).
A bench conference was then held and the trial court advised:
* * *
 THE COURT: You are taking his statements [SIC] and you are extrapolating it.
MR. MARAGAS: Right.
 THE COURT: I am going to instruct the jury that this is argument, but you are extrapolating I think beyond the bounds. So I would move on to another area.
(T. at 126).
After the conference Mr. Maragas proceeded:
* * *
 MR. MARAGAS: So in effect, Ladies and Gentlemen of the jury, when you have someone telling you that in fact they used LSD in a car with one other person and the LSD is underneath his seat and he has made those statements —
(T. at 128).
An objection was again made with the court giving the prosecutor an admonition to move on. (T. at 128).
Contrary to such instructions the Prosecutor proceeded:
* * *
 MR. MARAGAS: Thank you. And he has made those statements, is there anything else that you need in order to find that in fact this Defendant is acting illegally and that he definitely did have LSD.
(T. at 128).
It seems that this prosecutor was oblivious to the trial court's rulings and intent on proceeding notwithstanding.
This prosecutor apparently does not remember this Court's decision as to his conduct in State v. Gardner (1998), 127 Ohio App.3d 538.
Mr. Stone, counsel for appellant, interpreted appellant's statement as a prior bad act requiring an instruction to the jury. (T. at 124, 126,127).
The prosecutor argued, and the trial court accepted the position that pursuant to Evid. R. 804(B)(3), this was a statement against interest but promised an instruction.
Evidence Rule 804(B)(3) states:
* * *
 (3) Statement against interest. A statement that was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true. A statement tending to expose the declarant to criminal liability, whether offered to exculpate or inculpate the accused, is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.
The trial court concluded:
* * *
 THE COURT: But a statement against interests [SIC] is almost by definition an admission of possibly some prior wrong act.
The trial court then gave the following instruction to the jury which repeated and emphasized the statement of appellant:
* * *
 THE COURT: Ladies and Gentlemen, during the trial there was testimony introduced from Detective Griffith; and the question was whether or not the Defendant had made any statements, and the response by the Detective was, "I asked him if it was, I gestured towards the passenger Mark George, I said is it his. His answer was no."
 The Detective then asked, "Who could have put it there then. He didn't know. He did state to me then though, however, that he doesn't mess with acid anymore because you get too much time in jail for that. At that time he was placed under arrest."
 Now, you have heard argument by both the State of Ohio and the defense in regards to the statement by, attributed to this Defendant by Detective Griffith, that, quote, he doesn't mess with acid anymore because you get too much time in jail for that.
 Both sides have argued what they believe the implication of that statement is.
 I will tell you that that is an issue for you, the jury, to determine as to what emphasis you place on that statement of the Defendant.
 I will say that the State of Ohio in his statement that he admitted to, quote, using it again, is not the statement made or attributable to this Defendant.
 The statement attributed to this Defendant is, quote, he doesn't mess with acid anymore because you get too much time in jail for it.
 Not that he used it, not that he had it, that he doesn't mess with it anymore. That's the testimony. That's what you are to base your decision on.
 So as far as the State of Ohio's mischaracterization of that statement that it was a prior use, I will tell you that it is up to you to determine what that interpretation of that line is; and from this interpretation the objection is sustained, and that's the testimony you are to base your decision on. Anything further, Mr. Stone? (emphasis added)
(T. at 130-132).
We must conclude that rather than a statement against interest the statement fell into the realm of a prior bad act which required an instruction under Evid. R. 404(B); which states:
* * *
 (B) Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
We therefore determine that the clear intent of the prosecutor was to have the jury convict on this charge based upon past L.S.D. usage and such, taken in its entire context, was misconduct sufficient to support reversal.
Further, not only was the trial court required to provide a cautionary instruction as to the use of such statement, but by instructing to the jury to place its own interpretation thereon a violation of the requirements of Evid. R. 404(B) occurred.
This cause is reversed and remanded for a new trial.
By BOGGINS, J., EDWARDS, P.J. and WISE, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is Reversed and Remanded. Costs to Appellee.